# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

| | | |
|---|---|---|
| In re: | ) | Case No. 12-13482 |
| | ) | |
| Rashida Breedlove, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Benjamin Goldgar |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on February 18, 2014 at 9:30 a.m. we shall appear before the Honorable Judge Benjamin Goldgar or any Judge presiding in his stead in room 642 at the US Bankruptcy Court, Eastern Division, 219 S. Dearborn, Chicago, IL 60604, and move this Court pursuant to RES-IL One, LLC's Motion for Relief from Automatic Stay, a copy of which is attached hereto.

Date: February 6, 2014

CLARK HILL PLC


By:    \s\ W. Kent Carter
         W. Kent Carter (6242646)
         Clark Hill PLC
         150 North Michigan Avenue, Suite 2700
         (312) 985-5905
         Attorney for RES-IL One, LLC
         wcarter@clarkhill.com

200168589.1 37061/144936

## CERTIFICATE OF SERVICE

I, William Kent Carter, an attorney, do hereby certify that I caused a copy of this Notice of Motion and Motion for Relief on Behalf of RES-IL One, LLC, to be served on all parties of record by way of electronic filing with the U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division or by way of U.S. Mail from 150 N. Michigan Ave., Chicago, IL 60601, proper postage affixed, on February 6, 2014.

_____/s/ W. Kent Carter_____

### SERVICE LIST

**BY ELECTRONIC FILING**

Patrick S. Layng
USTPRegion11.ES.ECF.@usdoj.gov
*United States Trustee*

Marilyn O. Marshall
courtdocs@chi13.com
*Trustee*

Neal Feld
nealfeld@yahoo.com
*Attorney for Debtor*

Nathan J. Reusch
nreusch@rsmalaw.com
*Attorney for Ocwen Loan Servicing, LLC*

PRA Receivables Management
*Creditor*

**BY U.S. MAIL:**
Rashida K. Breedlove
PO Box 496433
Chicago, IL 60649

### AND BY US MAIL TO ALL PARTIES LISTED ON THE COURT'S CREDITOR MAILING MATRIX AS OF FEBRUARY 6, 2014

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

| | | |
|---|---|---|
| In re: | ) | Case No. 12-13482 |
| | ) | |
| Rashida Breedlove, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Benjamin Goldgar |

### RES-IL ONE, LLC'S
### <u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>
### <u>(12047 S. Perry Avenue, Chicago, IL)</u>

For its Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362, RES-IL ONE, LLC ("RES-IL") states as follows:

1.     On or about February 2, 2012 (the "Petition Date"), Rashida Breedlove (the "Debtor") filed the above-captioned Chapter 13 bankruptcy petition.

2.     Plaintiff, RES-IL ONE, LLC ("RES-IL") is the holder of a "Commercial Promissory Note (Interest Only)" dated March 9, 2007 ("Note"), secured by a "Mortgage and Security Agreement" dated March 9, 2007 and recorded with the Cook County Recorder of Deeds on March 26, 2007 on real property with a common address of 12047 S. Perry Avenue, Chicago, Illinois (the "Property").   A true and correct copy of the Note and Mortgage are attached hereto as **Exhibits 1 and 2**, respectively**.**

3.     RES-IL is the assignee of the asset purchaser of the subject Note and Mortgage, the history of which is as follows:

a.     The Note and Mortgage were entered into between Omni National Bank ("Omni") (as the lender) and Debtor as borrower.

b.     On or about February 5, 2008, the Note and Mortgage were modified through an agreement titled "Modification Agreement" ("First Modification"). The First Modification increased the unpaid principal balance of the loan and

mortgage by $12,500 to $124,500, reduced the interest rate to 9.5% adjustable, and extended the maturity date to April 8, 2008 of the Note and Mortgage.

c.      On or about June 12, 2008, the Note and Mortgage were further modified through an agreement titled "Balloon Mortgage and Security Agreement Loan Modification" ("Second Modification").  The Second Modification increased the unpaid principal balance to $127,836.79, and extended the maturity date to April 5, 2009.

d.      On or about March 27, 2009, the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver for Omni pursuant to 12 U.S.C. § 1464(d) (2)(A) and § 1821 (c)(5), and took charge of the assets and affairs of Omni.  *See,* http://www.fdic.gov/bank/individual/failed/omni.html.

e.      On March 1, 2010, effective as of February 9, 2010, the FDIC in its capacity as Receiver of Omni, for value received, transferred its interests, and assigned the Note and Mortgage, as modified, to MULTIBANK 2009-1 RES-ADC Venture, LLC ("Multibank").

d.      On August 30, 2012, Multibank assigned the Note and Mortgage, as modified, to RES-IL.

4.      Debtor has defaulted under the terms of the Note and Mortgage by, *inter alia*, failing to remit monthly payments due on the Note and on payments to RES-IL.  The Note has been in default since June 2008.

5.      On October 9, 2012, Debtor's Chapter 13 Plan was confirmed, requiring monthly payments to RES-IL in satisfaction of the balance due under the Note and Mortgage.

6.      Debtor has made only one (1) payment to RES-IL since this time.

7.   In October 2013, this Court entered an Order amending and modifying Debtor's Plan, but Debtor has again failed to make payments to the Trustee since this time.  Debtor has made only one (1) payment to the Trustee, that being in October 2013.

8.   Moreover, RES-IL has recently discovered that Debtor quitclaimed her interest in the Property to Erick Sterdivant in 2008, prior to the Petition Date.  A true and correct copy of the Quit Claim Deed transferring the Property is attached hereto as **Exhibit 3**.

9.   As of the Petition Date, Debtor owed the balance of $128,461.79 on the Note.

10.   The Debtor's Plan listed the value of the Property at $13,000.00.

11.   Pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code, the automatic stay should be terminated, as the Debtor has failed to provide adequate protection to RES-IL for its interest in the Property.  The Debtor has failed to make payment to RES-IL as required under the Plan and modifications thereto.

12.   Further, pursuant to Section 362(d)(2) of the Bankruptcy Code, the automatic stay should be terminated, as the Debtor has no equity in the Property and the Property is not needed for an effective reorganization.  The Debtor quitclaimed all interest in this property to Erick Sturdevant in 2008 and thus no longer has an interest in the Property.

13.   Last, pursuant to 362(d)(4), this Court should conclude that Debtor's 2013 Bankruptcy is part of a scheme to delay or hinder RES-IL.  The Debtor has include the Property in her Plan, but RES-IL has discovered that Debtor no longer owns an interest in the Property.

WHEREFORE, RES-IL ONE, LLC respectfully requests that this Court enter an Order as follows:

a.   granting this Motion entitling RES-IL ONE, LLC relief from the automatic stay as to the identified Property (12047 S. Perry Avenue, Chicago, IL) pursuant to 11 U.S.C. §362(d)(1), (d)(2) and (d)(4) and permitting RES-IL ONE, LLC to foreclose and otherwise take any action as to the Property in

3

accordance with the terms of the Note and Mortgage, and all applicable federal and state laws;

b.      providing that the stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply;

c.      providing that the relief from stay granted herein will survive any conversion, subsequent bankruptcies or motion to extend the stay filed by Debtor; and

d.      for such other relief this Court deems just and appropriate.

Respectfully submitted,

RES-IL ONE, LLC

By: /s/ William Kent Carter
One of Its Attorneys

William Kent Carter
Clark Hill PLC
150 N. Michigan Avenue, Suite 2700
Chicago, IL  60601
(312) 985-5900
wcarter@clarkhill.com

4